IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PROGRESSIVE DIRECT INSURANCE
COMPANY, INC., a corporation,
a/s/o Katelyn M. Avila and
Antonio Buchanan Avila,

    Plaintiff,

vs.

SHARON MAULDIN HARRIS, and
UNITED STATES POSTAL SERVICE,

    Defendants.

CASE NO. _____

## **COMPLAINT**

COMES NOW Plaintiff, Progressive Direct Insurance Company, as subrogee of Katelyn M. Avila ("Progressive"), through the undersigned counsel in the above-referenced matter for its complaint against Defendants, Sharon Mauldin Harris and United States Postal Service, and in support thereof, Plaintiff would submit the following:

## **PARTIES**

1. Plaintiff, Progressive, (hereinafter referred to as "Progressive") is a foreign insurance corporation authorized to do business in the state of Alabama, with the mailing address of its principal offices located at 5920 Landerbrook Drive, Mayfield Heights, Ohio, 44124.

2. Defendant Sharon Mauldin Harris is an individual over the age of nineteen years, and is a resident of DeKalb County, Alabama residing at 998 County Road 342, Fyffe, AL 35971. At all times set forth herein, Defendant Sharon Mauldin Harris, was an agent, servant or employee of Defendant United States Postal Service, and was acting within the line and scope of her employment.

3. Defendant United States Postal Service is an independent agency of the United States federal government.

**VENUE AND JURISDICTION**

4. Venue is proper in the United States district court for the Northern District of Alabama, Northern Division for all Defendants under 28 U.S.C.§1391(a)(2)§1391(b)(1)(2) because Defendant Sharon Mauldin Harris is a resident of this district, and the events giving rise to this claim occurred in this district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§2401(b) and 39 C.F.R. 912.9(a).

**FACTS COMMON TO ALL COUNTS**

6. On or about October 24, 2015, Plaintiffs insured driver, Antonio Buchanan Avila, was traveling north on Alabama 227 in rural DeKalb County, Alabama. Antonio Buchanan Avila was driving one (1) 2007 Chevrolet automobile, VIN #1GNFC16007R402726, which he owned, in Collinsville, Alabama.  On that date, said vehicle was insured by Katelyn M. Avila with and through Progressive Direct Insurance Company, Plaintiff herein.

7. Defendant Sharon Mauldin Harris, was driving a vehicle owned by Defendant United States Postal Service, and acting within the course and scope of her employment.  Defendant Harris was attempting to make a u-turn on Alabama 227 when she failed to yield to oncoming traffic and caused a collision with Plaintiffs insured driver, Antonio Buchanan Avila.

8. Defendant Harris was driving one (1) 1996 Buick Le Sabre automobile, VIN #1G4HP52K9WH437110, which she owned.  At the time of the accident, Harris was an employee of United States Postal Service operating within the line and scope of her employment.

9. Plaintiff makes claims against Defendant United States Postal Service based on the principles of law relating to principal/agent and/or *Respondeat Superior*.  Harris was a salaried employee of United States Postal Service driving her vehicle within the line and scope of her employment.

10. At the time of the accident, Avila had his vehicle insured through Progressive.

11. Avila's vehicle suffered damages and depreciation because of the accident totaling $6,650.21 including the $500 deductible paid by Avila. Progressive was required to pay these amounts under Avila's insurance contract between Plaintiff and Avila.

12. In accordance with provisions of the Federal Tort Claims Act, Plaintiff filed an administrative claim with Defendant United States Postal Service, Accident and Tort Claims, Alabama Division. The claim was denied on January 30, 2017.

13. After paying the said claim, Plaintiff became subrogated to the claims of Johnson against Defendant pursuant to its rights under its insurance policy and Alabama law.

14. All conditions precedent have been performed or have occurred as required by law.

15. All administrative procedure have been exhausted by the Plaintiff.

**COUNT I - NEGLIGENCE**

16. Plaintiff adopts and incorporates by reference paragraphs 1-15 as if fully set forth herein.

17. On or about October 24, 2015, a vehicle being driven by Defendant Harris, owned by Defendant Harris, being used while she was acting within the line and scope of her employment, negligently ran into, struck, collided with, or otherwise ran into a vehicle being driven by Avila.

18. As a direct and/or proximate result of the negligence of Defendant Sharon Mauldin Harris, Plaintiffs's insured was caused to submit a notice of loss to his liability insurance carrier Plaintiff Progressive Direct Insurance Company.

19. As a direct and/or proximate result of the negligence of Defendant Harris, which is imputed to Defendant United States Postal Service based on *respondent superior* or the law of principal agent, Plaintiff's insured suffered damages to his vehicle totaling $6,650.21.

20. As a direct and/or proximate result of the negligence of Defendant Harris, which due to her being an agent or employee of Defendant United States Postal Service said negligence is imputed to Defendant United States Postal Service, Plaintiff's insured was caused to submit a notice of loss to his

insurance carrier Plaintiff Progressive Direct Insurance Company, who in turn was required to pay Avila's claim pursuant to the provisions of their insurance contract.

21. As a direct and/or proximate result of the negligence of both Defendants, Plaintiff Progressive was caused to suffer damages under its insurance contract which, including the insured's deductible, totaled $6,650.21, which amount was paid by and through Progressive to its insured pursuant to a policy of insurance in force and in effect at the time of the above-described accident to reimburse the insured for the damages and depreciation caused to his vehicle.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, Sharon Mauldin Harris, an individual, and United States Postal Service, separately and severally, in the total sum of Six Thousand Six Hundred Fifty and 21/100 ($6,650.21) Dollars, plus interest and costs.

                                                PARNELL & PARNELL, P.A.

                                                /s/ Charles N. Parnell, III
                                                Charles N. Parnell, III (PAR016)
                                                Attorney for Plaintiff

OF COUNSEL:
Parnell & Parnell, P.A.
PO Box 2189
Montgomery, AL 36102-2189
334-832-4200