**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **PROGRESSIVE DIRECT INSURANCE COMPANY, INC.,** *a/s/o Katelyn M. Avila and Antonio Buchanan Avila*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 4:17-CV-1110-VEH |
| **SHARON MAULDIN HARRIS and UNITED STATES POSTAL SERVICE,** | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

### **I.  INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Progressive Direct Insurance Company, Inc. ("Progressive") initiated this lawsuit on June 30, 2017, against Defendants Sharon Mauldin Harris and the United States Postal Service ("USPS"). (Doc. 1). The litigation involves one count for negligence. (Doc. 1 at 3-4).

Because Progressive failed to perfect service on either of the Defendants, on November 28, 2017, the Court entered an order directing Progressive to show good cause within 11 days why this action should not be dismissed pursuant to Rule 4(m). (Doc. 4 at 1); *see also* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90

days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Under Rule 4(m), the 90-day deadline to serve the Defendants, as measured by the date of the Complaint, expired on September 28, 2017.

The Court's 11-day show cause deadline ran on December 11, 2017. Progressive has not filed a response, perfected service, or otherwise demonstrated good cause as required by the Court. Consequently, this action is due to be dismissed without prejudice *sua sponte*.

**II. ANALYSIS**

As the foregoing procedural history reveals, Progressive has neither complied with Rule 4(m), nor provided any explanation for this non-compliance. Case law reinforces that, as a result of Progressive's failure to even attempt to comply with the order or otherwise indicate an intent to pursue claims against the Defendants (*e.g.*, such as by seeking an extension of time in which to perfect service), the Court possesses the inherent power to dismiss the action *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the

control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf.* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the Order To Show Cause, Progressive was put on notice that the Court was considering whether to dismiss the action for lack of prosecution and, nonetheless, Progressive entirely ignored that warning.

Guided by the foregoing authorities, the Court concludes that dismissing Progressive's action without prejudice is the most appropriate action.

## III. Conclusion

By separate order, this case is hereby **DISMISSED WITHOUT PREJUDICE** *sua sponte* due to Progressive's failure to prosecute.

**DONE** and **ORDERED** this 13th day of December, 2017.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge